UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENTON GRAHAM,

                    Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; VERNON JOHNSON,
Principal of Brooklyn High School for Law
and Technology; MELANIE WERNER,
Assistant Principal of Brooklyn High School
for Law and Technology; SHARAZ
SCOFIELD, Assistant Principal of Brooklyn
High School for Law and Technology,

                    Defendants.

1:21-CV-10375 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kenton Graham, who resides on Staten Island, New York, filed this *pro se* action

asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation

Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and

City Human Rights Laws. He sues: (1) his employer, the New York City Department of

Education ("DOE"); (2) the Principal of the DOE's Brooklyn High School for Law and

Technology ("BHSLT"), Vernon Johnson; (2) a BHSLT Assistant Principal, Melanie Werner; and

(3) another BHSLT Assistant Principal, Sharaz Scofield.

Plaintiff alleges that while he has been employed at BHSLT, the defendants have

discriminated against him because of his nationality (Jamaican) and his disability (speech

impediment), and have also retaliated against him.

Plaintiff has neither paid the fees to commence this action nor requested to proceed *in

forma pauperis*. For the following reasons, the Court transfers this action to the United States

District Court for the Eastern District of New York.

**DISCUSSION**

Under the applicable venue provision for claims under Title VII and the ADA, such claims may be brought in:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's venue provision for claims brought under the ADA).

Claims brought under the Rehabilitation Act and state law are governed, however, by the general venue provision at 28 U.S.C. § 1391(b). Under Section 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

With respect to Plaintiff's claims under Title VII and the ADA, because Plaintiff alleges that he works at BHSLT, in Brooklyn, and that the defendants have discriminated and retaliated against him while he has worked at that school, this court, and every other federal district court within the State of New York, are proper venues for those claims. *See* § 2000e-5(f)(3).

2

As to Plaintiff's claims under the Rehabilitation Act and state law, because Plaintiff does not allege any facts showing where Defendants Johnson, Werner, or Scofield resides, the Court cannot determine whether this court, or any other federal district court, is a proper venue for those claims under Section 1391(b)(1).[1] In addition, because Plaintiff alleges no facts showing that a substantial part of the events giving rise to his claims occurred within this federal judicial district, it is clear that this court is not a proper venue for those claims under Section 1391(b)(2). As the alleged events giving rise to Plaintiff's claims occurred in Brooklyn, Kings County, in the Eastern District of New York, *see* 28 U.S.C. § 112(c), however, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for those claims.

Even if venue is proper here for at least some of Plaintiff's claims, the Court may transfer claims, "[f]or the convenience of the parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed

---

[1] The DOE resides in this federal judicial district and in the Eastern District of New York. *See* 28 U.S.C. § 112(b), (c) (the Southern District of New York is comprised of the following New York State counties: (1) New York (Borough of Manhattan); (2) Bronx (Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. The Eastern District of New York is comprised of the following New York State counties: (1) Kings (Borough of Brooklyn); (2) Richmond (Borough of Staten Island); (3) Queens (Borough of Queens); (4) Nassau; and (5) Suffolk.

3

unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "[t]he broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer Sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of this action to the Eastern District of New York under Section 1404(a) would appear to be appropriate because: (1) a substantial part of the underlying events occurred in that federal judicial district; (2) all of the parties are located or employed in that federal judicial district; and (3) it is likely that relevant documents and witnesses are located there. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1404(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to mail a copy of the order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge